JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

**APPENDIX H**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Opal Chabrier, Donald Lamutis, and Steven Turner, individually and on behalf of all others similarly situated,

**DEFENDANTS**
Wilmington Finance, Inc.

**(b)** County of Residence of First Listed Plaintiff: Boone County, KY
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Montgomery County, PA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Shanon J. Carson, Esq., Berger & Montague, P.C., 1622 Locust Street, Philadelphia, PA 19103 (215) 875-4656

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☑ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
The Fair Labor Standards Act, 29 U.S.C. § 201 et seq.
Brief description of cause:
Violation of overtime requirements of the Fair Labor Standards Act and similar state fair wage laws

**VII. REQUESTED IN COMPLAINT:**
☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ____ DOCKET NUMBER ____

DATE: September 18, 2006
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

**APPENDIX I**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| OPAL CHABRIER, DONALD LAMUTIS, and STEVEN TURNER, individually and on behalf of all others similarly situated, | : | CIVIL ACTION |
| v. | : | NO. |
| WILMINGTON FINANCE, INC. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( )

| **September 18, 2006** | **Shanon J. Carson** | **Plaintiff** |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 875-4656 | (215) 875-4604 | scarson@bm.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**UNITED STATES DISTRICT COURT** **APPENDIX F**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: Opal Chabrier, 7494 Lofton Court, Florence, KY 41017

Address of Defendant: Wilmington Finance, Inc., 401 Plymouth Rd., Suite 400, Plymouth Meeting 19462

Place of Accident, Incident or Transaction: Plaintiffs are challenging a nationwide practice
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☐

Does this case involve multidistrict litigation possibilities? Yes☐ No☒
*RELATED CASE, IF ANY:*

Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases (Please specify) 29 U.S.C.201 et seq.

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I, Shanon J. Carson, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

**DATE:** Sept. 18, 2006 [signature] Attorney-at-Law 85957 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

**DATE:** Sept. 18, 2006 [signature] Attorney-at-Law 85957 Attorney I.D.#

CIV. 609 (4/03)

Address of Plaintiff: Donald Lamutis, 6510 Twin Lakes Drive, Mason, OH 45040
Steven Turner, 3884 Mantell Avenue, Cincinnatti, OH 45236

UNITED STATES DISTRICT COURT

**APPENDIX F**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: Opal Chabrier, 7494 Lofton Court, Florence, KY 41017

Address of Defendant: Wilmington Finance, Inc., 401 Plymouth Rd., Suite 400, Plymouth Meeting 19462

Place of Accident, Incident or Transaction: Plaintiffs are challenging a nationwide practice
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☐

Does this case involve multidistrict litigation possibilities? Yes☐ No☒
*RELATED CASE, IF ANY:*

Case Number: ____________ Judge ____________ Date Terminated: ____________

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases (Please specify) 29 U.S.C.201 et seq,

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, Shanon J. Carson, counsel of record do hereby certify:

XX Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

XX Relief other than monetary damages is sought.

DATE: Sept. 18, 2006 ____________ Attorney-at-Law 85957 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE: Sept. 18, 2006 ____________ Attorney-at-Law 85957 Attorney I.D.#

CIV. 609 (4/03)

Address of Plaintiff: Donald Lamutis, 6510 Twin Lakes Drive, Mason, OH 45040
Steven Turner, 3884 Mantell Avenue, Cincinnatti, OH 45236

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| OPAL CHABRIER, DONALD LAMUTIS, and STEVEN TURNER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WILMINGTON FINANCE, INC.,<br><br>Defendant. | CIVIL ACTION NO.:<br><br>COMPLAINT -- CLASS ACTION |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiffs Opal Chabrier, Donald Lamutis and Steven Turner ("Plaintiffs"), individually and on behalf of all other similarly situated employees of Defendant Wilmington Finance, Inc. ("Defendant"), by and through their counsel of record, bring this Collective And Class Action Complaint (the "Complaint") against Defendant, and allege, upon personal belief as to themselves and their own acts, and as for all other matters upon information and belief, based upon the investigation made by their counsel, as follows:

**NATURE OF THE ACTION**

1. Plaintiffs bring this Complaint contending that Defendant has improperly classified its loan officers as exempt from the overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and similar state fair wage laws, including, without limitation, the Ohio Minimum Fair Wage Standards Act, OH ST § 4111.01 *et seq.*

2. Plaintiffs are current and former employees of Defendant who have been employed as loan officers (also known as account executives and other similarly-titled positions).

During their employment with Defendant, Plaintiffs have regularly worked more than forty (40) hours per week, but have not been compensated for their overtime hours.

3. On May 17, 1999, and again on February 16, 1999, the United States Department of Labor, Wage and Hour Division, issued Opinion Letters concluding that loan officers such as Plaintiffs and their similarly situated employees are not exempt from the overtime requirements of the FLSA.

4. As a result of Defendant's improper and willful classification of its loan officers as exempt from the overtime requirements of the FLSA and similar state fair wage laws, Defendant has failed to pay its loan officers overtime for hours they have worked over forty (40) hours per week.

5. Plaintiffs bring this action for monetary damages, declaratory and injunctive relief, and other equitable and ancillary relief, to seek redress for Defendant's improper conduct.

**JURISDICTION AND VENUE**

6. The Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer ... in any Federal or State court of competent jurisdiction." Id.

7. In addition, the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant 28 U.S.C. § 1367.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Defendant resides in this District and does business here.

**PARTIES**

10. Plaintiffs are the individuals named above and those who file consent forms with the Court.

11. Plaintiff Opal Chabrier currently resides at 7494 Lofton Court, Florence, Kentucky 41017.

12. Plaintiff Donald Lamutis currently resides at 6510 Twin Lakes Drive, Mason, Ohio 45040.

13. Plaintiff Steven Turner currently resides at 3884 Mantell Avenue, Cincinnati, Ohio 45236.

14. Defendant is incorporated in the State of Delaware and is registered to transact business in the Commonwealth of Pennsylvania. Defendant's corporate headquarters is located in this District, at 401 Plymouth Road, Suite 400, Plymouth Meeting, Pennsylvania 19462.

15. According to Defendant's website, Defendant provides lending services to consumers to purchase and refinance real estate through its wholesale branches, retail call centers and correspondent lending centers throughout the country. Defendant engages in lending services in all states except for Vermont and the District of Columbia. With respect to its lending services, Defendant is organized into two regions, an East Region and a West Region. Defendant's Regional Office for its East Region is located at 105 East Fourth Street, Suite 900A, Cincinnati, Ohio 45202. Defendant's Regional Office for its West Region is located at 19000 MacArthur Boulevard, Suite 425, Irvine, California 92612. Defendant also sells loans to consumers through the use of mortgage brokers. According to Defendant's website, Defendant

has twelve (12) "Processing Centers" that are located in Pennsylvania, Rhode Island, New York, Ohio, North Carolina, Georgia, Florida, Texas, Illinois, Nevada, Oregon and California.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

16. This action is brought as a national collective action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties and damages owed to Plaintiffs and all similarly situated current and former employees of Defendant, as well as its subsidiaries and affiliated companies.

17. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiffs bring this action individually, and on behalf of all other similarly situated loan officers.

18. Plaintiffs estimate that there are at least hundreds of similarly situated loan officers. The precise number of loan officers can be easily ascertained by Defendant. These loan officers can be identified and located using Defendant's payroll and personnel records. Potential opt-in class members may be informed of the pendency of this Collective Action by direct mail and/or published and/or broadcast notice.

19. This action is properly maintained as a collective action because Plaintiffs and all Class members are similarly situated. Plaintiffs and other similarly situated loan officers, regardless of their location, are/were subject to the same uniform job descriptions, policies, manuals, guidelines, scripts, standards, and operational procedures. Further, Defendant's policies at issue in this dispute have affected Plaintiffs and similarly situated loan officers in the exact same fashion.

20. Defendant willfully and improperly classified Plaintiffs and other similarly situated loan officers as exempt under the FLSA.

21. Plaintiffs will immediately request the Court to authorize notice to all current and former loan officers employed by Defendant and its subsidiaries and affiliated companies, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation and liquidated damages under the FLSA.

**CLASS ACTION ALLEGATIONS**

22. Plaintiffs bring this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> all current and former employees of Wilmington Finance, Inc., as well as its subsidiaries and affiliated companies, who at any time during the relevant statute of limitations period were employed as loan officers (also known as account executives and other similarly titled positions), or who otherwise performed the duties of a loan officer, located in the state of Ohio and who worked more than 40 hours in a week but did not receive overtime pay (the "Class").

23. The members of the Class are so numerous that joinder of all members is impracticable. Plaintiffs estimate that the Class numbers in the hundreds. The proposed Class can be identified and located using Defendant's payroll and personnel records. Class members may be informed of the pendency of this Class Action by direct mail and/or published and/or broadcast notice.

24. There are questions of law and fact common to the class, including, without limitation:

a. whether Defendant improperly classified Plaintiffs and the Class as exempt from the Ohio Minimum Fair Wage Standards Act;

b. whether Plaintiffs and the Class are entitled to overtime compensation for services rendered in excess of 40 hours per week under the Ohio Minimum Fair Wage Standards Act;

c. whether Defendant acted knowingly, willfully or recklessly in violating the Ohio Minimum Fair Wage Standards Act;

d. whether Defendant conducted an analysis of the Class members' compensation before classifying them as exempt from the Ohio Minimum Fair Wage Standards Act;

e. whether Defendant conducted an analysis of the Class members' duties and tasks before classifying them as exempt from the Ohio Minimum Fair Wage Standards Act;

f. whether Plaintiffs and the Class worked in excess of 40 hours per week;

g. whether Defendant expected Plaintiffs and the Class to work in excess of 40 hours per week;

h. whether Defendant required Plaintiffs to falsify their own time records by recording only 40 hours per week even though they regularly worked in excess of 40 hours per week to avoid paying them overtime wages and other benefits;

i. whether Plaintiffs and the Class have suffered and are entitled to damages, and, if so, in what amount;

j. whether liquidated, punitive damages, or special damages are warranted under the Ohio Minimum Fair Wage Standards Act;

k. whether Plaintiffs and the Class are entitled to declaratory or injunctive relief under the Ohio Minimum Fair Wage Standards Act; and

l. whether Defendant's conduct warrants the tolling of the statute of limitations under the Ohio Minimum Fair Wage Standards Act.

25. Plaintiffs' claims are typical of the claims of the Class members. Plaintiffs are all current/former loan officers who have suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to pay overtime. Defendant's conduct in improperly classifying Plaintiffs and the Class as exempt from the Ohio Minimum Fair Wage Standards Act has affected Plaintiffs and the Class in the exact same way.

26. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs are similarly situated to the Class and have no conflict with the Class members. Plaintiffs have retained competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

27. This action is properly maintainable as a class action under Rules 23(b)(1), (b)(2) and/or 23(b)(3) of the Federal Rules of Civil Procedure because: a) the prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant; b) Defendant, by failing to pay overtime compensation to all loan officers in violation of the Ohio Minimum Fair Wage Standards Act, has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or declaratory relief with respect to the Class as a whole; and c) the common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to

considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

28. A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of Class members to protect their interests.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

29. Plaintiffs and the Class, who are all current and former loan officers employed by Defendant, routinely worked in excess of forty (40) hours per week without overtime compensation during the relevant statutory period.

30. This practice violates the provisions of the FLSA, see 29 U.S.C. § 207(a)(1), as well as state fair wage and hour statutes, including, without limitation, the Ohio Minimum Fair Wage Standards Act. As a result of Defendant's unlawful practice, Plaintiffs and all similarly situated employees have suffered a loss of wages.

31. Defendant knew or showed reckless disregard for the fact that its failure to pay loan officers overtime compensation was in violation of these laws. Defendant failed to pay overtime wages and other benefits to Plaintiffs and the Class during their employment by intentionally, willfully and improperly designating the position of loan officer as exempt from federal law in direct violation of the FLSA, despite two Department of Labor, Wage and Hour Division, Opinion Letters, dated May 17, 1999 and February 16, 2001, respectively, concluding that loan officers such as Plaintiffs and the Class are not exempt from the overtime requirements of the FLSA.

32. Defendant also intentionally and willfully failed to pay overtime wages and other benefits to Plaintiffs as evidenced by their directing them to falsely record a maximum of 40 hours of work time per week even though they actually worked in excess of 40 hours per week.

33. Defendant failed to maintain accurate records for each employee of their hours actually worked as required by the law. See 29 C.F.R. §516.2 (a)(7).

34. Defendant managed Plaintiffs' work, including the amount of overtime required to be worked in its Cincinnati, Ohio office. Defendant dictated, controlled and ratified the wage and hour and all related employee compensation policies of Defendant's offices located across the country. Defendant's nationwide wage and hour practices and policies are uniform and disseminated from its corporate headquarters, which is located in this District.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *et seq.***
**UNPAID WAGES/OVERTIME**

35. Plaintiffs reallege and incorporate by reference, all preceding paragraphs.

36. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week. Plaintiffs and similarly situated loan officers regularly worked more than 40 hours per week, but were not paid overtime. Defendant failed to pay overtime wages and other benefits to Plaintiffs and the similarly situated loan officers by intentionally, willfully and improperly designating them as exempt from the FLSA despite two Department of Labor, Wage and Hour Divisions Opinion Letters, dated May 17, 1999 and February 16, 2001, respectively, concluding that loan officers are not exempt from the overtime requirements of the FLSA.

37. Defendant also willfully failed to pay overtime wages and other benefits to Plaintiffs by requiring them to falsify their own time records by recording only forty (40) hours per week even though they regularly worked in excess of forty (40) hours per week to avoid paying them overtime wages and other benefits.

38. The foregoing actions of Defendant violate the FLSA.

39. Defendant's actions were willful and not in good faith.

40. Defendant is liable to Plaintiffs and similarly situated loan officers for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs and expenses.

**COUNT II**
**DECLARATORY RELIEF**

41. Plaintiffs reallege and incorporate by reference, all preceding paragraphs.

42. Plaintiffs and similarly situated loan officers are entitled to a declaration of their rights in accordance with 28 U.S.C. § 2201, and seek a declaratory judgment that they are non-

exempt employees under the FLSA and are, therefore, entitled to overtime compensation pursuant to 29 U.S.C. § 207(a)(1). Further, and in accordance with 28 U.S.C. § 2202, Plaintiffs and similarly situated loan officers seek an Order requiring that Defendants pay them overtime compensation pursuant to 29 U.S.C. §207(a)(1).

43. Plaintiffs and similarly situated loan officers seek all further relief, in accordance with 28 U.S.C. § 2201, *et seq*., as may be necessary, proper and just.

**COUNT III**
**INJUNCTIVE RELIEF**

44. Plaintiffs reallege and incorporate by reference, all preceding paragraphs.

45. Plaintiffs and similarly situated loan officers seek any and all equitable and injunctive relief as may be necessary and appropriate to secure and protect their rights under the FLSA, including, without limitation, an Order providing for the retention of the Court's jurisdiction in this matter to prevent any future violations of FLSA by Defendant and to prevent Defendant from engaging in any retaliatory conduct against similarly situated loan officers who have asserted their rights under the FLSA.

**COUNT IV**
**OHIO MINIMUM FAIR WAGE STANDARDS ACT**
**OHIO REVISED CODE SECTION 4111 *et seq.***
**UNPAID WAGES/OVERTIME**

46. Plaintiffs reallege and incorporate by reference, all preceding paragraphs.

47. Plaintiffs Donald Lamutis and Steven Turner reside in Ohio. Plaintiffs Chabrier, Lamutis and Turner worked for Defendant at its offices located in Cincinnati, Ohio.

48. The foregoing actions and/or omissions of Defendant constitute violations of the Ohio Minimum Fair Wage Standards Act, OH ST § 4111.01 *et seq.*

49. Defendant is liable to Plaintiffs for the full amount of their wage rates, costs and attorney's fees, pursuant to OH ST § 4111.10.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury as to all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that the Court enter an order:

a. certifying this action as a collective action pursuant to 29 U.S.C. § 216(b);

b. ordering Defendant to file with this Court and furnish to counsel a list of all names and addresses of all loan officers who have worked for Defendant during the preceding three (3) years, and authorizing Plaintiffs' counsel to issue notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked hours in excess of forty (40) hours in a week during the liability period, but were not paid overtime as required by the FLSA;

c. adjudicating and declaring that Defendant's conduct as set forth above is in violation of the FLSA;

d. adjudicating and declaring that Plaintiffs and similarly situated loan officers are non-exempt employees under the FLSA and are entitled to overtime compensation for hours worked in excess of forty hours per week;

e. adjudicating and declaring that Defendant violated the FLSA by failing to pay Plaintiffs and similarly situated loan officers for their hours worked in excess of forty hours per week;

f. certifying an Ohio state-wide class of Class members pursuant to Rule 23 of the Federal Rules of Civil Procedure;

g. adjudicating and declaring that Defendant's conduct as set forth above is in violation of the Ohio Minimum Fair Wage Standards Act;

h. adjudicating and declaring that Defendant willfully violated the FLSA and the Ohio Minimum Fair Wage Standards Act;

i. awarding Plaintiffs and similarly situated loan officers overtime wages in an amount consistent with the FLSA and the Ohio Minimum Fair Wage Standards Act;

j. awarding Plaintiffs and similarly situated loan officers liquidated damages in accordance with the FLSA, and any liquidated, punitive or special damages that may be due and owing for violation of the Ohio Minimum Fair Wage Standards Act;

k. awarding Plaintiffs reasonable attorneys' fee and all costs of this action, to be paid by Defendant, in accordance with the FLSA and the Ohio Minimum Fair Wage Standards Act;

l. declaring in accordance with 28 U.S.C. §§ 2201-2202 that Plaintiffs and the Class are non-exempt, and, therefore, entitled to overtime compensation pursuant to the FLSA and the Ohio Minimum Fair Wage Standards Act;

m. awarding pre and post-judgment interest and court costs as further allowed by law;

n. granting Plaintiffs leave to amend to add claims under applicable state laws;

o. granting Plaintiffs and the Class leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

p. for all additional general and equitable relief to which Plaintiffs and the Class may be entitled.

Dated: September 18, 2006

Respectfully submitted,

BERGER & MONTAGUE, P.C.

RUSSELL D. HENKIN, Atty. ID #16172
JONATHAN D. BERGER, Atty. ID #44323
BRET P. FLAHERTY, Atty. ID #65990
SHANON J. CARSON, Atty. ID #85957
1622 Locust Street
Philadelphia, PA 19103
Telephone No.: (215) 875-3000
Facsimile No.: (215) 875-4604

RYAN STEPHAN
TOUHY & TOUHY, LTD.
161 North Clark Street
Suite 2210
Chicago, IL 60601
Telephone No.: (312) 372-2209
Facsimile No.: (312) 456-3838

Attorneys for Plaintiffs and the Class