IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OPAL CHABRIER, DONALD LAMUTIS and STEVEN TURNER, individually and on behalf of all others similarly situated | : : : : | CIVIL ACTION |
| v. | : : | |
| WILMINGTON FINANCE, INC. | : | NO. 06-4176 |

MEMORANDUM AND ORDER

**Norma L. Shapiro, S.J.**                                                                                     **April 4, 2008**

      Plaintiffs, individually and on behalf of all other similarly situated employees of Wilmington Finance, Inc. ("WFI"), allege WFI has failed to pay overtime to plaintiffs in violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"). On December 13, 2006 this court approved in part a motion to proceed as a collective action and facilitate notice to similarly situated Ohio employees of WFI under 29 U.S.C. §216(b). WFI has filed a motion to decertify a collective action. The motion will be denied.

    **I.**    **Background**

      WFI is a residential mortgage lender headquartered in Plymouth Meeting, Pennsylvania. From October 4, 2004 through March 7, 2007, WFI operated a branch office in Cincinnati, Ohio. Plaintiffs, all of whom were employed by WFI in the Cincinnati office during that time period, claim they regularly worked in excess of forty hours per week but were not compensated for those overtime hours. Plaintiffs contend, and WFI denies, that WFI subjected plaintiffs to hard-to-meet quotas on the number of loan applications they had to process within their forty-hour workweek. It rewarded loan officers who met those quotas and disciplined those who did not.

1

Plaintiffs contend this led to a policy of uniformly instructing or permitting its loan officers to work "off the clock". WFI denies that plaintiffs regularly worked overtime hours and claims it paid plaintiffs appropriately for all overtime hours. All parties agree that plaintiffs were non-exempt employees under the FLSA.

The court granted plaintiffs' preliminary motion to proceed as a collective action and plaintiffs sent notice to eighty-six retail loan officers. After the close of the notice period and following motions to dismiss various opt-in plaintiffs, forty-six plaintiffs now comprise the class. The parties conducted extensive discovery including written interrogatories to each opt-in plaintiff and the depositions of all but a few of the opt-in plaintiffs.

Each opt-in plaintiff had the same job title, job description, job duties, and training during the relevant time period. Each worked in WFI's Cincinnati, Ohio office. All of the opt-in plaintiffs were subject to the same compensation plan; they were paid a small hourly wage and their pay was determined primarily by commissions on loans sold . Each plaintiff was subject to the same sales quotas and were supervised by the same managers. All plaintiffs were subject to WFI's official policy discouraging overtime and subject to the same requirements for recording time.[1] Nearly all plaintiffs aver that they were, at the very least, permitted to work overtime (if not passively or actively encouraged to do so) and were not compensated for that time. Although some plaintiffs admitted in their depositions that they were specifically instructed not to work more than forty hours per week, those plaintiffs also testified that they were subject to conflicting instructions implying that they should make more calls than were possible in a forty-hour

---

[1] Although WFI changed its time-keeping system from a paper-based to electronic time-keeping system midway through the relevant time period, each plaintiff was subject to the same system as all other plaintiffs at any given time.

workweek or that after submitting time sheets showing work in excess of forty hours, managers asked them to fill out a new time sheet showing no overtime. Each plaintiff alleges that WFI's managers either encouraged, turned a blind eye to, or deliberately falsified his unpaid overtime.

## II. Motion to Decertify

WFI moves for an order decertifying the plaintiff class.

### A. Legal Standard

The FLSA governs standard hourly wage practices and generally requires employers to compensate employees at a rate of at least 1.5 times their regular rate when working in excess of forty hours per week. *See* 29 U.S.C. § 207(1)(1). Should an employer violate any of the FLSA's provisions, § 216(b) states,

> "[a]n action to recover the liability prescribed [by the FLSA] may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

Section 216(b) of the FLSA allows one or more employees to pursue an action in a representative capacity for "other employees similarly situated". This provision contains a special opt-in mechanism for joining claims and plaintiffs. Each employee who wishes to join the action must affirmatively consent to be a member of the action by filing a written consent. The statute of limitations is not tolled for any individual employee until he opts-in. *See*, *e.g.*, *Grayson v. K-Mart*, 79 F.3d 1086, 1105-06 (11th Cir. 1996). District courts have discretion to implement §216(b) by facilitating notice to potential plaintiffs. *Hoffman La-Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Before facilitating such notice, a district court must first find that it is appropriate for the action to proceed as an FLSA representative action. The burden

is on the plaintiff to show that the proposed class satisfies two basic requirements: (1) class members must be "similarly situated"; and (2) all members must affirmatively consent to join the action. *Aquilino v. The Home Depot, Inc.*, No. 04-4100, 2006 WL 2583563 at *1 (D.N.J. Sept. 7, 2006). The FLSA does not define the term "similarly situated." *See Briggs v. United States*, 54 Fed. Cl. 205, 206 (2002). The Court of Appeals has not established a uniform standard for "similarly situated" under the FLSA.

There is a two-tiered process in making this determination. First, the court decides whether notice should be given based on a limited showing that the employees are "similarly situated". The evidentiary standard is relatively lenient; the pleadings and affidavits of the parties may suffice. *Aquilino*, 2006 WL 2583563 at *1. Mere allegations of a complaint are sometimes sufficient, but sometimes a factual showing is necessary for the "similarly situated" requirement to be satisfied. *Bosley v. Chubb Corporation*, No. 04-4598, 2005 WL 1334565 at *3 (E.D.Pa. June 3, 2005) (collecting cases). Whatever the standard of review at this preliminary stage, the merits of plaintiff's claims need not be evaluated for notice to be approved and disseminated. *See, e.g.*, *Aquilino*, 2006 WL 2583563 at *2.

If conditional certification is granted, notice is authorized and the action proceeds, after the completion of class-related discovery, to a second determination of whether plaintiffs are "similarly situated". A specific factual analysis must ensure the opt-in plaintiffs are appropriate parties. *Bosley*, 2006 WL 1334565 at *2. If final certification is not granted, the class is decertified, the opt-in plaintiffs dismissed without prejudice, and any remaining individuals proceed to trial. If final certification is granted, the action proceeds to trial on a representative basis. *Wright & Miller*, § 1807, "Collective Actions Under the FLSA" (2006 Update). Final

certification is not based on any on any single factor in isolation, but on many factors. *See, e.g., Stone v. First Union Corp.,* 203 F.R.D. 532 (D.C.Fla. 2001).  Plaintiffs in an FLSA collective action need not show that all class members are identically situated, but only that they are "similarly situated." *Garcia v. Elite Labor Serv.*, No. 95 C 2341, 1996 U.S. Dist. LEXIS 9824 at *4 (N.D. Ill. July 11, 1996).

    **B.**  **Discussion**

  Based on plaintiffs' affidavits and exhibits in the *Statement of Facts* attached to their opposition brief, plaintiffs have met the burden under § 216(b).  Plaintiffs' individual claims provide numerous similar factors: their jobs, compensation, location, supervision, employer policies, and claims regarding their work environment together show they are "similarly situated" under the FLSA.

  WFI objects to class certification on a number of grounds, none of which are convincing. It argues that plaintiffs' claims are not properly subject to collective treatment because individual factual determinations are necessary to resolve their claims and the case consequently will be unmanageable.  The need for individual factual determinations is not fatal to certification of a FLSA collective action. Where, as here, the plaintiffs are similarly situated, class treatment is efficient and preferable to individual litigation.  There are means to aid in making individualized fact determinations such as bifurcation for liability and damages, designating subclasses, and appointment of a special master.  Class treatment of the plaintiffs' claims is appropriate and desirable.

  WFI also argues that plaintiffs are not similarly situated because, among other unconvincing dissimilarities, certain plaintiffs admitted having worked overtime hours without

the knowledge of their managers solely for personal gain and their managers tried to prevent such work.  Such plaintiffs are excluded from the certified class, but their exclusion does not stand in the way of certification.  A showing that there are elements of plaintiffs' claims that differ, or that a small number of current plaintiffs are excluded, cannot override the similarities present in most plaintiffs' claims and circumstances.

WFI's motion to decertify plaintiffs' collective action under the FLSA will be denied.  The certified class will be: WFI retail loan officers who were employed in the Cincinnati, Ohio office between October 4, 2004 and March 7, 2007 and worked overtime hours for which they were not compensated with the express, implied, or constructive consent of WFI.  Those plaintiffs who admit they worked the entirety of their unpaid overtime hours solely for personal gain or in contravention of unequivocal direction from their managers not to work such hours will not be members of the class.

An appropriate order will issue.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OPAL CHABRIER, DONALD LAMUTIS and STEVEN TURNER, individually and on behalf of all others similarly situated | : : : : | CIVIL ACTION |
| v. | : : | |
| WILMINGTON FINANCE, INC. | : | NO. 06-4176 |

**ORDER**

AND NOW, this 4nd day of April, 2008, it is **ORDERED** that:

1. WFI's motion to decertify the plaintiff collective class (paper no. 163) is **DENIED.**

2. Pursuant to 29 U.S.C. §216(b), a class is certified comprised of WFI retail loan officers who were employed in the Cincinnati, Ohio office between October 4, 2004 and March 7, 2007 and worked overtime hours with the express, implied, or constructive consent of WFI for which they were not compensated.

3. As the court has been informed that a scheduling conference has been set for April 24, 2008 before Magistrate Judge Angell, the hearing previously noticed for April 15, 2008 is continued to a date to be determined by the court following the settlement conference.

                                                        /s/ Norma L. Shapiro
                                                                         S.J.