# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DATE:**           **February 1, 2013**

**TO:**             **Counsel of Record**

**SUBJECT:**    **LOCAL RULE OF CIVIL PROCEDURE 5.1.5**
                 *Documents Filed Under Seal*

**CIVIL ACTION NO.:**    **06-cv-04176**
                         **Chabrier et al     vs.   Wilmington Finance, Inc.**

## N O T I C E

Pursuant to Rule 5.1.5 of the Local Rules of Civil Procedure, Documents Filed Under Seal, *as approved and adopted by the judges of the United States District Court for the Eastern District of Pennsylvania,* effective March 1, 2005, the below noted document(s) continue(s) to remain sealed. The two-year period prescribed by L.R.C.P. 5.1.5 (b)(2) has now concluded and the Court has not entered an order continuing its sealed status beyond that time.

In accordance with L.R.C.P. 5.1.5(c), this is to notify you that the aforesaid document(s) will be unsealed unless you advise the Clerk in writing within sixty days (60) days from the date of this notice, that you object to the unsealing of said document(s).  If you object to the unsealing of the document(s) or if this Notice is returned unclaimed, the court will make a determination, on a case-by-case basis, whether to maintain the document(s) under seal, to unseal the document(s) under seal, or to require further notification.

***DOCUMENT(s) CURRENTLY UNDER SEAL:***

| Document #: | Date: | Docket Text: |
|---|---|---|
| 186 | 3/4/2008 | MOTION IN LIMINE CONTAINING CONFIDENTIAL MEDICAL INFORMATION FILED BY DEFENDANT WILMINGTON FINANCE, INC. (FILED UNDER SEAL) |
| 190 | 3/17/2008 | Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion in Limine to Exclude Any Reference Concerning Alcohol or Drug Use by Former WFI Managers. (FILED UNDER SEAL) |
| 221 | 7/17/2008 | Document filed under seal. (SEALED ENVELOPE) |
| 229 | 10/21/2008 | PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF THE SETTLEMENT OF THIS FLSA ACTION, DECLARATION OF SHANON CARSON, CERTIFICATE OF SERVICE. (FILED UNDER SEAL) |

A copy of Local Rule of Civil Procedure 5.1.5 is attached for your convenient **reference**. If you have any questions, please call Ulrike M. Hevener at (267) 299-7296.

Very truly yours,

MICHAEL E. KUNZ
CLERK OF COURT

*/s/ Ulrike M. Hevener*
Ulrike M. Hevener
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CC by Mail To:

Erkilla, J.R.
Zouras, J.B.
Stephan, R.F.

CC by E-Mail to:

Boudreau, J.N.
Cevallos, D.L.
Touhy, D. K.
Berger, J.D.
Malloy, M.H.
Henkin, R.D.
Carson, S.J.
Tellado-win

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## *LOCAL RULE OF CIVIL PROCEDURE 5.1.5:*
## *DOCUMENTS FILED UNDER SEAL*

(a)     A document in a civil action may be filed under seal only if:

     (1)   the civil action is brought pursuant to a federal statute that prescribes the sealing of the record or of certain specific documents; or

     (2)   the Court orders the document sealed.

(b)     (1)   Where a document is sealed pursuant to § 5.1.5(a)(1), the continued status of the document under seal shall be governed by the relevant federal statute.  If no federal statute governs, §§ 5.1.5(b)(2) and (c) shall apply.

     (2)   When a document is sealed pursuant to § 5.1.5(a)(2), the document, if it remains in the custody of the Court, shall not be unsealed for two years after the conclusion of the civil action including all appeals, unless the Court orders otherwise.

(c)     If a document is still sealed at the conclusion of the two- year period and the Court has not entered an order continuing its sealed status beyond that time, the Clerk of Court shall notify the attorney for the party having submitted the sealed document at the attorney's address on the docket that the document will be unsealed unless the attorney or the submitting party advises the Clerk within sixty (60) days that said attorney or submitting party objects.  If the attorney or submitting party objects to the unsealing of the document or if the Clerk's notification is returned unclaimed, the Court will make a determination, on a case-by-case basis, whether to maintain the document under seal, to unseal it, or to require further notification.